# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **MICHAEL J. HOLMES,** | § | |
| *Plaintiff* | § | |
| | § | |
| **v.** | § | **Case No. 1:21-cv-986-LY-SH** |
| | § | |
| **UNITED STATES MAGISTRATE** | § | |
| **JUDGE MARK LANE,** | § | |
| *Defendant* | § | |

## ORDER AND REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO:   THE HONORABLE LEE YEAKEL
       UNITED STATES DISTRICT JUDGE

Before the Court are Plaintiff Michael Holmes' Complaint (Dkt. 1) and his Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2), both filed November 2, 2021. The District Court referred this case to the undersigned Magistrate Judge for disposition of the Motion and Report and Recommendation as to whether the case should be dismissed as frivolous under 28 U.S.C. 1915(e), pursuant to Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas and the Court Docket Management Standing Order for United States District Judge Lee Yeakel. Dkt. 4.

### I. Motion to Proceed *In Forma Pauperis*

After reviewing Holmes' Motion for Leave to Proceed *In Forma Pauperis* and his Financial Affidavit, the Court finds that Holmes is indigent. Accordingly, the Court **HEREBY GRANTS** Holmes *in forma pauperis* status (Dkt. 2) and **ORDERS** his Complaint to be filed without pre-payment of fees or costs or giving security therefor, pursuant to 28 U.S.C. § 1915(a)(1). This indigent status is granted subject to a later determination that the action should be dismissed if the allegation of poverty is untrue or the action is found frivolous or malicious pursuant to 28 U.S.C.

1

§ 1915(e). Holmes is further advised that although he has been granted leave to proceed *in forma pauperis*, a Court may, in its discretion, impose costs of court at the conclusion of this lawsuit, as in other cases. *Moore v. McDonald*, 30 F.3d 616, 621 (5th Cir. 1994).

The Court has conducted a review of the claims made in the Complaint under 28 U.S.C. § 1915(e) and recommends that Holmes' claims should be dismissed. Therefore, service on Defendants should be withheld pending the District Court's review of these recommendations.

## II. Section 1915(e)(2) Frivolousness Review

### A. Standard of Review

Because Holmes has been granted leave to proceed *in forma pauperis*, the Court is required by standing order to review his Complaint under § 1915(e)(2). Pro se complaints are liberally construed in favor of the plaintiff. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes that the action is (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Under § 1915(e)(2), a claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999) (quoting *Davis v. Scott*, 157 F.3d 882, 889 (5th Cir. 1998)). A complaint lacks an arguable factual basis only if the facts alleged are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).

### B. Holmes's Lawsuit is Frivolous

Holmes filed this lawsuit against United States Magistrate Judge Mark Lane after Judge Lane recommended that the District Court dismiss as frivolous a separate lawsuit Holmes filed against United States Magistrate Judge Dustin Howell.[1] Holmes contends Judge Lane acted inappropriately in how he handled Holmes' previous suit and seeks Judge Lane's disqualification over any case Holmes may bring, invoking 28 U.S.C. § 455.

This lawsuit is one among many similar lawsuits that Holmes has filed against federal judges after Holmes' lawsuits were dismissed for frivolousness under 28 U.S.C. § 1915(e)(2)(B).[2] For example, Holmes brought his lawsuit against Judge Howell after Judge Howell issued a Report and Recommendation recommending that another lawsuit[3] Holmes had filed against United States District Judge Jason Pulliam be dismissed as frivolous. *Holmes v. Howell*, 1-21-CV-967-LY-ML (W.D. Tex. Oct. 25, 2021) (the "Howell Lawsuit"). In the Howell Lawsuit, Holmes alleged that Judge Howell acted inappropriately in how he handled Holmes' previous suit and sought Judge Howell's disqualification. The Howell Lawsuit was assigned to United States Magistrate Judge Mark Lane "for a prompt recommendation as to whether such cases should be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)." *Id.* at Dkt. 4.

On October 27, 2021, Judge Lane issued a Report and Recommendation, recommending that the Howell Lawsuit be dismissed with prejudice as frivolous because "[d]isqualification of a federal judge under 28 U.S.C. § 455(a) is not a cause of action that gives rise to a civil claim." *Id.* at Dkt. 5, p. 3. Specifically, Judge Lane found that Holmes' lawsuit was legally frivolous because (1) "Judge Howell is immune from suit, because his handling of Holmes' suits was a judicial act

---

[1] *Holmes v. Howell*, 1-21-CV-967-LY-ML (W.D. Tex. Oct. 25, 2021).

[2] *Id.* at Dkt. 5, p. 4 (listing Holmes' previous lawsuits against federal judges).

[3] *Holmes v. Pulliam*, 1:21-CV-909-RP-DH (W.D. Tex. Oct. 12, 2021).

not performed in the clear absence of all jurisdiction," and (2) "independent lawsuits against presiding judges are not the appropriate vehicle for disgruntled litigants to obtain a reversal of adverse judgments. . . . Holmes' remedy in this case is not to file the instant case, but to appeal." *Id.* (internal quotations and citations omitted). In addition, because Holmes had continued to file frivolous lawsuits after being repeatedly warned not to, Judge Lane also recommended that "the District Court take the necessary steps to bar Holmes from filing any future actions in the Western District of Texas without leave of court." *Id.* at 6.

On December 3, 2021, the District Court adopted Judge Lane's Report and Recommendation in its entirety and ordered that Holmes' lawsuit be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). *Id.* at Dkt. 9. The District Court further ordered that "Plaintiff Michael J. Holmes shall not file any future actions in the United States Court for the Western District of Texas without first obtaining permission from a magistrate judge or district judge of this court, or a circuit judge of the United States Court of Appeals for the Fifth Circuit." *Id.* at 2.

Holmes filed this lawsuit one month before the District Court issued the pre-filing injunction. Once again, Holmes attempts to sue a federal judge for actions taken in his official judicial capacity. Federal judges enjoy absolute judicial immunity from liability and suit for damages arising out of the performance of their judicial duties. *Price v. United States*, 823 F. App'x 275, 276 (5th Cir. 2020) (citing *Mireles v. Waco*, 502 U.S. 9, 11 (1991)). "This immunity applies even when the judge is accused of acting maliciously and corruptly, and it is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (internal quotations and citation omitted).

4

The conduct alleged in Holmes' Complaint clearly falls within a judge's judicial capacity. Accordingly, the Court recommends that Holmes' lawsuit be dismissed as frivolous. *See Price*, 823 F. App'x at 276 (affirming dismissal of claims against federal judge based on absolute immunity); *Bagby v. Staples*, No. 5:13-cv-1092-DAE, 2014 WL 7005587, at *6 (W.D. Tex. Dec. 10, 2014) (dismissing claims against United States District Judge as frivolous based on absolute immunity).

The Court notes that the District Court's pre-filing injunction remains in effect. However, because of Holmes' history of filing frivolous and abusive lawsuits, the Court further recommends that the District Court warn Holmes that if he continues to file frivolous or malicious lawsuits, the District Court may impose additional sanctions against him, including monetary sanctions.

### III.  Recommendation and Order

Based on the foregoing, the undersigned Magistrate Judge: (1) **GRANTS** Holmes' Motion for Leave to Proceed *In Forma Pauperis* (Dkt. 2); (2) **RECOMMENDS** that the District Court **DISMISS WITH PREJUDCIE** Holmes' lawsuit as frivolous under 28 U.S.C. § 1915(e)(2); and (3) **RECOMMENDS** that the District Court **WARN** Holmes that if he continues to pursue frivolous or malicious lawsuits, the District Court may impose additional sanctions against him, including monetary sanctions.

It is **FURTHER ORDERED** that the Clerk **REMOVE** this case from the Magistrate Court's docket and **RETURN** it to the docket of the Honorable Lee Yeakel.

### IV.  Warnings

The parties may file objections to this Report and Recommendation. A party filing objections must specifically identify those findings or recommendations to which objections are being made. The District Court need not consider frivolous, conclusive, or general objections. *See Battle v.*

*United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the District Court of the proposed findings and recommendations in the Report and, except on grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**SIGNED** on December 17, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE